

FILED
NOV 1 4 2008
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| SCOTT ANDREW KYLES, | * | 08-4169 |
|  | * |  |
| Plaintiff, | * | MEMORANDUM OPINION |
|  | * | AND ORDER OF DISMISSAL |
| vs. | * |  |
|  | * |  |
| NATALIE KAUFMAN, PROBATION | * |  |
| OFFICER, AND | * |  |
| KIM H. WILLIAMS, SUPERVISING | * |  |
| U.S. PROBATION OFFICER, | * |  |
|  | * |  |
| Defendants. | * |  |
|  | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff, Scott Andrew Kyles, a prisoner at the Federal Correctional Institution at Sandstone, Minnesota, filed an action requesting injunctive relief to require the United States Probation Office (Probation) to comply with his request for documentation concerning the handling of his presentence investigation report. The request was made on a Freedom of Information/ Privacy Act Request Form. Since Plaintiff is a pro se prisoner his action is subject to the screening requirements of 28 U.S.C. § 1915A.[1]

Pursuant to 5 U.S.C. § 552(a) Plaintiff seeks information that each agency subject to the Privacy Act would be required to maintain and make available to a person subject to an adverse determination made by the agency. However, 5 U.S.C. § 551(1)(B) specifically excludes the courts of the United States from the definition of "agency." Since Probation is an administrative unit of this Court, it is not subject to the terms of the Privacy Act. *See Callwood v. Department of Probation of the Virgin Islands*, 982 F.Supp. 341, 343 (D.Virgin Islands, 1997). Given this exclusion, the Privacy

---

[1] 28 U.S.C. § 1915A(a) requires this Court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(b)(1) requires dismissal if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

Act does not provide a basis for this Court's jurisdiction in this action. In addition, Plaintiff fails to state a claim upon which relief may be granted. Accordingly,

IT IS ORDERED that the above action is dismissed.

Dated this 14th day of November, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY
(SEAL)          DEPUTY